IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CATHERINE CALLOWAY and  )
MICHAEL CALLOWAY,       )
                        )
    Plaintiffs,         )   Civ. No. 08-552-SLR
                        )
    v.                  )
                        )
GREEN TREE SERVICING, LLC, )
                        )
    Defendant.          )

Maggie Ruth Clausell, Esquire, of Law Office of Maggie Clausell, LLC, Dover, Delaware.  Counsel for Plaintiffs.

Albert H. Manwaring, IV, Esquire, and Matthew A. Kaplan, Esquire, of Pepper Hamilton LLP, Wilmington, Delaware.  Counsel for Defendant.

**MEMORANDUM OPINION**

Dated:  April 13, 2009
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiffs Catherine Calloway and Michael Calloway brought this suit against defendant Green Tree Servicing, LLC, on August 28, 2008, asserting claims for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and defamation arising out of defendant's investigation into and reporting of information related to plaintiffs' mortgage. (D.I. 1) In brief, plaintiffs allege that defendant furnished erroneous information related to plaintiffs' mortgage to credit reporting agencies ("CRAs") and that, even after plaintiffs requested the CRAs work with defendant to correct the erroneous information, defendant failed to correct or cease furnishing the erroneous information. (*Id.*)

In response, on September 23, 2008, defendant filed a motion to dismiss (D.I. 4) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). In support of its motion, defendant argues that plaintiffs have failed to state a claim because FCRA: (1) does not provide for consumers[1] a private right of action against parties, like defendant, that furnish information to CRAs ("information furnishers");[2] and (2) preempts defamation claims, like the instant one, that fail to properly allege malice or willfulness. (*See* D.I. 5)

The court has jurisdiction over the FCRA claim pursuant to 28 U.S.C. § 1331 and over the defamation claim pursuant to 28 U.S.C. § 1367. For the reasons that follow,

---

[1] The FCRA defines "consumer" as "an individual." 15 U.S.C. § 1681a(c).

[2] Information furnishers are "person[s]" under the FCRA. *See* 15 U.S.C. §§ 1681a, 1681s-2; *see also Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 608-09 (E.D. Pa. 2008).

1

the court denies defendant's motion.

## II. BACKGROUND

Plaintiffs are the current record owners of the property at 514 King Street, Laurel, Delaware. (D.I. 1 at ¶ 14) On or about October 9, 1996, plaintiffs executed a mortgage with Green Tree Financial Services ("GTFS"). (*Id.* at ¶ 15) That same day, plaintiffs executed a note with GTFS agreeing to pay $125,000 plus interest. (*Id.* at ¶ 16) Plaintiffs' monthly payment was $1,285.98, with the first payment due on November 14, 1996. (*Id.* at ¶ 17) On November 14, 1996, plaintiffs started making payments under the terms of the note and mortgage. (*Id.* at ¶ 18)

Green Tree Mortgage, LLC ("GTM"), a subsidiary of GTFS, serviced the mortgage from October 11, 1996 through 1999, at which point Conseco Finance Servicing Corporation ("Conseco") became the mortgage servicer. (*Id.* at ¶ 19) Conseco serviced the mortgage from 1999 to June 2003. (*Id.* at ¶ 20)

In December 2002, Conseco and its affiliated companies filed for bankruptcy. (*See id.* at ¶ 21; Civ. A. No. 08-224, D.I. 14 at 2) On or about June 22, 2003, defendant acquired from Conseco in a § 363 bankruptcy sale the servicing rights to plaintiffs' mortgage. (*Id.*)

The number originally assigned to plaintiffs' mortgage account by GTFS in 1996 was "10000156." (D.I. 1 at ¶ 24) In 1997, the account number changed to "6700107318." (*Id.* at 25) In 2005, the account number changed again to "88037954." (*Id.* at ¶ 26)

Plaintiffs subsequently discovered that defendant was reporting to credit

reporting agencies ("CRA") both account number 6700107318 and account number 88037954 as separate active accounts with balances. (*Id.* at ¶ 27) For example, as of November 10, 2007, the report for plaintiffs generated by Trans Union, a CRA, shows the 88037954 account as an installment account opened in October 1996 with a balance of $92,613, and the 6700107318 account as a mortgage account opened in October 1996 with a balance of $93,027. (*Id.* at ¶ 28)

On or about October 1, 2007, plaintiffs disputed the accuracy of the account information and requested that Trans Union correct its report to reflect the 6700107318 account as having a balance of $0 and the 88037954 account as being a mortgage account. (*Id.* at ¶ 31; *id.* at ex. D) In response, Trans Union requested that defendant verify the information. (*Id.* at ¶ 32) Defendant's response to Trans Union indicated that the information associated with the two account numbers was accurate. (*See id.* at ¶ 33)

Plaintiffs subsequently requested another investigation. (*Id.* at ¶ 34) Trans Union responded on or about November 10, 2007, but its response did not indicate that plaintiffs' requested changes had been made. (*See id.*) As of August 18, 2008, plaintiffs' Trans Union report shows the 88037954 account as an installment account opened in October 1996 and updated in July 2008 with a balance of $88,171, and the 6700107318 account as a mortgage account opened in October 1996 and verified in January 2008 with a balance of $90,874. (*Id.* at ¶ 35)

## III. STANDARD OF REVIEW

In reviewing a motion filed under Rule 12(b)(6), the court must accept all factual

allegations in a complaint as true and take them in the light most favorable to plaintiff.[3] See *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1959.

## IV. DISCUSSION

Defendant moves to dismiss for failure to state a claim. Defendant argues that no private right of action exists to allow plaintiffs to sue defendant for failure to comply with 15 U.S.C. § 1681s-2(b). Defendant also argues that, because plaintiffs have failed to allege acts demonstrating malice or willfulness, plaintiffs' defamation claim is preempted by 15 U.S.C. § 1681h(e). The court will address these arguments in order.

### A. Plaintiffs' Claim for Failure to Comply with 15 U.S.C. § 1681s-2(b)

---

[3]"Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

### 1. Existence of a Private Right of Action

"Determining whether a statute explicitly provides a private remedy involves a relatively straightforward inquiry. A court must look to the text of the statute to see if it states, by its terms, that a private party may bring a suit to enforce it." *Three Rivers Ctr. for Indep. Living v. Hous. Auth. of City of Pittsburgh*, 382 F.3d 412, 420 (3d Cir. 2004). Where a statute expressly provides a private right of action, the exercise of that right is tailored by Congress and may be limited by other provisions. *See id.* at 420-21.

The FCRA provides that any "person" who negligently or willfully "fails to comply with any requirement imposed under [Title 15, Chapter 41, Subchapter III of the United States Code] with respect to any consumer is liable to that consumer." 15 U.S.C. §§ 1681n, 1681o. Except where limited by other provisions, this language in 15 U.S.C. §§ 1681n and 1681o expressly creates a private right of action allowing "consumer[s]" to sue "person[s]" not complying with FCRA provisions codified at 15 U.S.C. §§ 1681-1681x. *See, e.g., Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) ("That with these words [in 15 U.S.C. §§ 1681n and 1681o] Congress created a private right of action for consumers cannot be doubted."); *Perry v. First Nat'l Bank*, 459 F.3d 816, 819 (7th Cir. 2006) (referring to 15 U.S.C. §§ 1681n and 1681o as containing private right of action provisions); *Dimezza v. First USA Bank, Inc.*, 103 F. Supp. 2d 1296, 1300-01 (D.N.M. 2000) (15 U.S.C. §§ 1681n and 1681o "explicitly provide a private right of action for consumers wishing to enforce any provision of [FCRA]" unless explicitly limited); *Meyers v. Freedom Credit Union*, 2007 WL 2753172, at *2 (E.D. Pa. September 21, 2007) (15 U.S.C. §§ 1681n and 1681o provide a private

5

right of action for all violations of 15 U.S.C. §§ 1681-1681x not otherwise excepted).

Congress did limit the exercise of the FCRA's private right of action with respect to some FCRA provisions. For example, pursuant to 15 U.S.C. § 1681m(h), there is no private right of action to sue for violation of 15 U.S.C. § 1681m. 15 U.S.C. § 1681m(h); see also, e.g., Perry, 459 F.3d at 822 (citing cases). Similarly, pursuant to 15 U.S.C. § 1681s-2(c) and (d), there is no private right of action to sue for violation of 15 U.S.C. § 1681s-2(a). See 15 U.S.C. § 1681s-2(c) and (d); see also, e.g., Krajewski, 557 F. Supp. 2d at 608-09. There is, however, no provision removing 15 U.S.C. § 1681s-2(b) from the scope of the FCRA's private right of action. Accordingly, the court concludes, consistent with the majority of courts to have examined the issue, that a private right of action exists allowing "consumer[s]" to sue "person[s]" for violation of 15 U.S.C. § 1681s-2(b).[4] See, e.g., Krajewski, 557 F. Supp. 2d at 609, Nelson, 282 F.3d at 1059; Dimezza, 103 F. Supp. 2d at 1300-01; Campbell v. Baldwin, 90 F. Supp. 2d 754, 756 (E.D. Tex. 2000). Because the court also concludes (and the parties do not dispute) that plaintiffs are "consumer[s]" and that defendant, as an information furnisher, is a "person," plaintiffs may bring a claim against defendant for violation of 15 U.S.C. § 1681s-2(b).

### 2. Sufficiency of Plaintiffs' Allegations

Under the FCRA, generally, where a consumer disputes the completeness or

---

[4]Defendant cites Carney v. Experian Info. Solutions, Inc., 57 F. Supp. 2d 496, 502 (W.D. Tenn 1999), and cases relying thereon for the proposition that there is no private right of action for violation of 15 U.S.C. § 1681s-2(b). The court does not find these cases persuasive, noting, as did the court in Dimezza, that the holdings in Carney and its progeny are inconsistent with the FCRA's plain language. See Dimezza, 103 F. Supp. 2d at 1300-01.

accuracy of information contained in his or her CRA file and notifies the CRA regarding the disputed information, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(1)(A). As part of its reinvestigation, the CRA must provide notice of the dispute to the information furnishers that provided the disputed information. *See id.* § 1681i(2). Upon receiving notice, information furnishers must, in accordance with 15 U.S.C. 1681s-2(b), do the following:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] pursuant to [15 U.S.C. § 1681i(a)(2)
>
> (C) report the results of the investigation to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a [CRA] only, as appropriate, based on the results of the reinvestigation promptly--
>
>> (i) modify that item of information;
>>
>> (ii) delete that item of information; or
>>
>> (iii) permanently block the reporting of that item of information.

*Id.* § 1681s-2(b)(1).

To comply with 15 U.S.C. § 1681s-2(b), information furnishers' investigations must be reasonable, *Krajewski*, 557 F. Supp. 2d at 609 (citing *Johnson v. MBNA Am.*

*Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004)), and a claim for violation of 15 U.S.C. § 1681s-2(b) must allege that the information furnisher failed to perform the above-outlined duties in a reasonable manner. "Liability pursuant to [15 U.S.C. § 1681s-2(b)] occurs as a result of an unreasonable investigation, not simply as a result of inaccurate information being reported." *Id.* at 608 n.9. Where an information furnisher conducts an investigation and concludes that the disputed information is accurate, it will not be liable pursuant to 15 U.S.C. § 1681s-2(b) as long as its investigation was reasonable. *Id.*

In the case at bar, plaintiffs' complaint contains many allegations of defendant furnishing inaccurate information to Trans Union, but no allegations (besides conclusory ones) describing the unreasonableness of defendant's investigation. Nevertheless, the court can reasonably infer from plaintiffs' allegations, *see, e.g., Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008), that the alleged inaccuracies in plaintiffs' credit reports after October 1, 2007, resulted from defendant's unreasonable investigations and, thus, are sufficient to cast plaintiffs' claim as more than merely speculative. Accordingly, defendant's motion is denied with respect to the 15 U.S.C. § 1681s-2(b) claim.

### B. Plaintiffs' Defamation Claim

A plaintiff bringing a claim for defamation under Delaware law must plead five elements: "(1) defamatory communication; (2) publication; (3) the communication refers to the plaintiff; (4) a third party's understanding of the communication's defamatory character; and (5) injury." *Wright v. Pepsi Cola Co.*, 243 F. Supp. 2d 117, 124 (D. Del. 2003). However, where the alleged defamation arises out of defendant's

8

acts pursuant to the FCRA, the defamation claim is preempted unless the plaintiff also pleads "malice or willful intent to injure." *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 229 (3d Cir. 1997) (citing 15 U.S.C. § 1681h(e)); *see also Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1069 (9th Cir. 1992); *Thorton v. Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir. 1980). A plaintiff may allege malice or intent generally. Fed. R. Civ. P. 9(b).

In the case at bar, plaintiffs' complaint, read generously, makes out a defamation claim under Delaware law. Plaintiffs' complaint also generally alleges that defendant engaged in its defamatory conduct with malice or intent to injure. Accordingly, the FCRA does not preempt plaintiffs' defamation claim, and defendant's motion is denied with respect to that claim.

## V. CONCLUSION

For the aforementioned reasons, the court denies defendant's motion to dismiss (D.I. 4). An appropriate order shall issue.